# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MICHAEL THACKER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Hardeman County**
**No. CC12CR143   Joe H. Walker, III, Judge**

---

**No. W2012-01835-CCA-R3-HC  - Filed April 2, 2013**

---

The Petitioner, Michael Thacker, appeals the Circuit Court of Hardeman County's denial of his pro se petition for writ of habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

ALAN E. GLENN,  J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Michael Thacker, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Senior Counsel, for the Appellee, State of Tennessee.

## MEMORANDUM OPINION

On January 25, 2005, the Petitioner pled guilty to aggravated burglary and received a three-year sentence to be served on probation.  On August 8, 2007, the Petitioner pled guilty to one count of possession of less than .5 grams of cocaine with the intent to sell, two counts of possession of marijuana with the intent to sell or deliver, two counts of being a convicted felon in possession of a firearm, and one count of solicitation to commit tampering with the evidence.  On the same day, a consent order was entered revoking the Petitioner's probation on the aggravated burglary conviction and order him to serve his sentence on community corrections.  The Petitioner received an effective sentence for the new

convictions and the revoked sentence of nine years to be served on community corrections.

On May 7, 2010, the trial court entered an order revoking the Petitioner's community corrections sentence. On November 15, 2010, the Petitioner pled guilty to two counts of possession of a controlled substance and one count each of driving under the influence and possession of marijuana with the intent to sell. He received an effective sentence of two years confinement.

On August 8, 2012, the Petitioner incorrectly filed a petition for writ of habeas corpus in the Tipton County Circuit Court. The Petitioner asserted that his sentences were illegal contending that the trial court did not have jurisdiction to order a sentence of community corrections, to impose the fines orders, or to order that he serve the remainder of his sentencing in the Tennessee Department of Correction (TDOC) after revoking his community corrections sentence. The Petitioner also contended that the judgment for his conviction for driving under the influence is void because the judgment did not note the suspension of his driving privileges for one year. On August 13, 2012, the Tipton County Circuit Court transferred the petition to Hardeman County, the county where the Petitioner was imprisoned. On August 14, 2012, the trial court entered an order denying the petition. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

On appeal, the Petitioner first challenges the trial court's imposition of a community corrections sentence. The Petitioner, however, acknowledges that the nine-year community corrections sentence was the result of a negotiated plea agreement. A defendant who entered a plea of guilty waives all non-jurisdictional defects and constitutional infirmities. State v. McKinney, 74 S.W.3d 291, 306 (Tenn. 2002). A defendant's classification or eligibility to serve his sentence on community corrections is a non-jurisdictional and legitimate bargaining tool in plea negotiations. See Shamain Johnson v. State, No. M2003-03084-CCA-R3-PC, 2005 Tenn. Crim. App. LEXIS 51, at *6 (Tenn. Crim. App., at Nashville, Jan. 21, 2005). Thus, by entering into a plea agreement that included a community corrections sentence, the Petitioner waived any issues regarding his eligibility for such a sentence.

The Petitioner's claims regarding the trial court's imposition of fines likewise are without merit. Habeas corpus relief is available to any person who is illegally "imprisoned or restrained of liberty." T.C.A. § 29-21-101. "The assessment of a fine upon a defendant does not constitute imprisonment or restraint within the meaning of those terms. Moreover, the issue of a fine has no application to the question of whether the trial court was without jurisdiction to sentence the defendant or that the defendant's sentence has expired." John Haws Burrell v. Howard Carlton, Warden, No. E2004-01700-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 204, at **4-5 (Tenn. Crim. App., at Knoxville, March 8, 2005), perm. app. denied (Tenn. June 20, 2005).

The Petitioner next contends that the trial court did not award him credit after revoking his community corrections sentence, that the trial court improperly ordered him to serve his sentences in the TDOC, and that the trial court failed to note the suspension of his driving privileges on the judgment for the conviction for driving under the influence. The Petitioner, however, failed to provide complete copies of the applicable judgments as required by Tennessee Code Annotated section 29-21-107(b). Except for the judgment for

the conviction for possession with intent to sell less than .5 grams of cocaine, the remaining judgments are missing the bottom portion beginning with the heading "Court Ordered Fees and Fines." Although the Petitioner attached copies of the complete judgments to his brief, they were not presented to the trial court, were not included in the appellate record, and are not properly for this Court for consideration. See Tenn. R. App. P. 28(a). We note that the portions of the judgments included in the appellate record include jail credit. The Petitioner does not identify those dates in which he claims that he is entitled to credit. Accordingly, the Petitioner is not entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE